Daniel, Judge,
after stating the case as above, proceeded as follows: — It seems to us that a plea of matters appearing on the record in the case itself, is of a very extraordinary character, but as no objection has been taken to this irregular mode of "proceeding we shall consider the point, which upon the plea and demurrer, was evidently intended to be submitted.
In the case of the State v. Ephraim (Ante 2 vol. page 162) we held that a jury charged in a case of capital felony, cannot be discharged before rendering a verdict, but for evident, urgent, overruling necessity, arising from some matter occurring during the trial, which was beyond human foresight and control. But in the trial of issues on indictments for misdemeanors the rule is different. All the learning on this subject Was examined and reviewed by the Court in the case of the People v. Olcott, 2 Johnston’s cases, 301. The Court there proceed to say “the case now before the Court is a case of misdemeanor only, and the precise question is whether in such case it does not rest in the discretion of the Court to discharge the jury whenever they deem it requisite to a just and impartial trial. It is worthy of notice that there is no general rule, nor any adjudged case, denying this power in the Court in the case of a misdemeanor.” The power of the Courts in those cases is analogous to their power in civil cases. It must from the reason and -necessity of the thing belong to the Court, on trials for misdemea *117 nors, to discharge the jury, whenever the circumstances of the case render such interference essential to the furtherance of justice. Every question of this kind must rest with the Court' under all the particular or peculiar circumstances of the case. We are therefore of the opinion, that the demurrer should have been sustained. The judgment rendered in the Superior Court discharging the defendant was erroneous, and the same is reversed. This opinion will be certified to the Superior Court of Law for the County of Cumberland,, and the case will there proceed.
Per Curiam. Judgment reversed.